IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-06-180-F |
| ) | |
| MICHAEL D. NORWOOD, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Before the court is the defendant's Pro Se Motion to Dismiss (doc. no. 22), filed on September 22, 2006. In this motion, the defendant moves the court to dismiss this case for the reason that the case has not been called for trial, he asserts, within the time allotted by the Speedy Trial Act. The government has responded to the motion by response filed on October 4, 2006 (doc. no. 31).

In this case, a hearing was held on October 2, 2006 with respect to the motion of defendant's former counsel to withdraw as counsel for the defendant. At that hearing, the court appointed new counsel for the defendant. Also at that hearing, the defendant *prospectively* waived his speedy trial rights and the court made a finding pursuant to 18 U.S.C. § 3161(h)(8). The court made it clear, however, that defendant would not be deemed to have retrospectively waived his right, if any, to dismissal on the basis of the pro se motion he filed on September 22, 2006. The court proceeds on that basis.

The defendant had an initial appearance on June 30, 2006. At that hearing, Magistrate Judge Doyle W. Argo ordered the defendant detained. The indictment against the defendant was returned on August 2, 2006. Defendant was arraigned on August 16, 2006.

The speedy trial clock runs from the later of the date that the indictment is publicly filed or the date the defendant has appeared before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1). There is some authority that a pre-indictment initial appearance is considered to be an appearance before a judicial officer for purposes of § 3161(c)(1). *See* United States v. Carrasquillo, 667 F.2d 382 (3rd Cir. 1981). *Cf.*, United States v. Dosal,, 125 F.3d 864 (10th Cir. 1997) (table – cited per Tenth Circuit Rule 36.3) (Pre-indictment appearance before a Magistrate Judge disregarded for Speedy Trial Act purposes if it related to charges *other than* those in the indictment at issue.). Under this approach, the "later" date would be the date of the indictment. On the other hand, if the pre-indictment appearance is disregarded, the "later" date would be the date of arraignment.

For the sake of the present analysis only, the court will take the date of the indictment as the "later" date, thus giving the defendant the benefit of the reasoning which is explicit in Carrasquillo and implicit in our circuit's unpublished decision in in Dosal. Ignoring excludable days, the 70-day speedy trial period commencing with the filing of the indictment on August 2, 2006 would have expired well after the October 2, 2006 hearing. For that reason, the defendant's Motion to Dismiss is without merit.

The Motion to Dismiss (doc. no. 22) is **DENIED**.

DATED October 10, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0180p008(pub).wpd