# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CR-06-180-F |
| MICHAEL DWIGHT NORWOOD, | ) ) ) |
| Defendant. | ) |

## ORDER

Defendant Michael Dwight Norwood, a federal prisoner appearing *pro se*, has moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly referred to as a motion for compassionate release. Doc. no. 373.[1] Plaintiff United States of America has moved to dismiss defendant's motion, or alternatively, has responded in opposition to defendant's motion. Doc. no. 376. Defendant has filed a response to plaintiff's motion to dismiss and has filed a reply to plaintiff's response in opposition to defendant's motion. Doc. no. 377. Upon review, the court finds that plaintiff's motion to dismiss should be granted and defendant's motion should be dismissed for failure to exhaust administrative remedies.

Generally, a federal court "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). One exception to that rule is compassionate release. 18 U.S.C. § 3582(c)(1)(A). A motion for compassionate release may be filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

---

[1] Defendant is currently in custody at FCI Texarkana.

on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id*. After "considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," the court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" or if the defendant "is at least 70 years of age, has served at least 30 years in prison," and satisfies other conditions. *Id*.

Defendant moves for compassionate release based on extraordinary and compelling reasons. However, plaintiff asserts that defendant's motion should be dismissed because defendant has failed to demonstrate that he satisfied § 3582(c)(1)(A)'s exhaustion requirement before he filed his motion.

The Tenth Circuit has determined that § 3582(c)(1)(A)'s exhaustion requirement is not a jurisdictional matter. *See*, United States v. Hemmelgarn, 15 F.4th 1027, 1030-31 (10th Cir. 2021). Instead, it is a mandatory claim-processing rule that the government may waive or forfeit. *Id*. at 1030-31. But when the "government invokes it," the court must enforce it. *See*, United States v. Gieswein, No. 21-6056, 2021 WL 4852420, at *2 n. 2 (10th Cir. Oct. 19, 2021) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)). Here, the government has invoked it, and the court agrees that defendant has failed to demonstrate that he has satisfied the exhaustion requirement.

Defendant asserts in his motion that he submitted his request to the warden on October 31, 2023, and that 30 days passed since it was submitted. Doc. no. 373, ECF p. 4. However, the "Inmate Request to Staff" defendant attaches to his motion, doc. no. 373-1—dated November 1, 2023 rather than October 31, 2023—fails to show any receipt of that request by the warden or any prison staff on behalf of the warden. The government with its filing submits an email from counsel for the Bureau of Prisons, stating that FCI "Texarkana did not receive the alleged RIS

2

Request this inmate attached to the pleading." Doc. no. 376-1. In his response, defendant asserts that "on October 31, 2023, at lunch time ["Open House"], he gave Warden Santiago, a yellow Legal Mail envelope, in which contained a copy of his ["Inmate Request to Staff"] package seeking Compassionate Release." Doc. no. 377, ECF p. 5. Defendant indicates that Exhibit 1 supports his assertion, but that exhibit does not support his assertion.

Section 3582(c)(1)(A) requires the lapse of 30 days from the "receipt" of the request by the warden to satisfy the exhaustion requirement. Because defendant has not shown a lapse of 30 days from the warden's "receipt" of his request, the court concludes that defendant has failed to demonstrate compliance with § 3582(c)(1)(A)'s exhaustion requirement. Consequently, the court concludes that defendant's motion should be dismissed for failure to exhaust administrative remedies.

Accordingly, defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. no. 373) is **DISMISSED** for failure to exhaust administrative remedies.

IT IS SO ORDERED this 5th day of April, 2024.

/s/ S.P. Friot
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0180p101.docx