# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-06-180-F |
| ) | |
| MICHAEL DWIGHT NORWOOD, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Defendant Michael Dwight Norwood is serving a life sentence for distribution of methamphetamine, a Class A felony.[1] Appearing *pro se*, defendant has moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. no. 381.[2] Plaintiff United States of America has responded in opposition to defendant's motion. Doc. no. 384.

Defendant has filed numerous motions for a sentence reduction or compassionate release pursuant to § 3582(c)(1)(A). In February of 2023, the Tenth Circuit affirmed the court's denial of "what amounts to [defendant's] tenth motion for a sentence reduction or compassionate release." United States v. Norwood, 2023 WL 1872577, at *1 (10th Cir. Feb. 10, 2023). In so doing, the Tenth Circuit concluded that defendant had "not shown the district court's factual findings on the

---

[1] Defendant was also sentenced to 360 months for distribution of methamphetamine, a Class B Felony, 360 months for distribution of methamphetamine, a Class B felony, and 120 months for felon in possession of a firearm, a Class C felony, all to be served concurrently with his life sentence. *See*, doc. no. 70, Judgment in Criminal Case, filed June 4, 2007.

[2] Defendant is currently in custody at FCI Texarkana.

[18 U.S.C.] § 3553(a) factors were clearly erroneous." *Id*. at *2. This court's factual findings were as follows:

> Additionally, the court concludes that the application of the § 3553 factors—most notably the need to provide just punishment, the need to reflect the seriousness of the defendant's offenses, the need to promote respect for the law, and the need to protect the public from further crimes of the defendant—preclude release. Defendant was a committed dope dealer who was instrumental in distributing an enormous quantity of hard drugs, over a long period of time, in southwest Oklahoma. He was instrumental in supplying the drugs which ruined countless lives and families, to the everlasting detriment of individual families and communities. Wholly apart from defendant's career as a major distributor of hard drugs, his criminal history plainly establishes that he is a danger to the community. His track record of robbery, assaultive conduct and use of deadly weapons establishes that he has no compunction about preying on weaker or more vulnerable individuals. The court is satisfied that, even after the substantial period of incarceration that defendant has already served and his self-improvement efforts, his release at this point will only result into a resumption of a life of serious crime. The court has been given no reason to have any confidence that defendant would be unwilling to return to selling poison in the community.

Doc. no. 347, ECF p. 6.

Since the Tenth Circuit's mandate, defendant has filed three additional motions, including the present one.

In June of 2023, the court denied, in part, defendant's motion, filed on April 3, 2023, less than two months after the Tenth Circuit's mandate, stating:

> [T]he court adheres to its previous conclusion that the § 3553(a) factors—most notably the need to provide just punishment, the need to reflect the seriousness of the

2

> defendant's offenses, the need to promote respect for the law, and the need to protect the public from further crimes of the defendant—preclude defendant's release. The court has covered this ground before (*see*, doc. nos. 335 and 347), but some things bear repeating.  The defendant is a man who committed himself heart and soul, over an exceptionally long period of time, to the distribution of enormous quantities of crack and meth in southwest Oklahoma.  As noted in the order at doc. no. 335, the defendant's track record establishes that even when he diverts into pursuits other than distributing poison in the community, he will return to that sort of activity when it suits his purposes.  Even if the court were to assume that the defendant's *present* intent is to lead a law-abiding life after he is released, the defendant's actions speak far louder than his words. The defendant's actions leave the court far from satisfied that the defendant would forego a return to selling poison into the community if that suited his needs.

Doc. no. 359, ECF p. 6 (emphasis in original).

Defendant appealed the court's decision, but later voluntarily dismissed his appeal.  Doc. nos. 362 and 366.

Early this year, defendant filed another § 3582(c)(1)(A) motion.  Doc. no. 373. Rather than request release or reduction of his sentence amounting to time served, defendant requested the court to modify his life sentence to the low end of the sentencing guideline range, 360 months.  Defendant relied upon the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, adding an "unusually long sentence" as an extraordinary and compelling reason justifying a reduction in sentence or compassionate release.  *See*, U.S.S.G.

3

§ 1B1.13(b)(6).[3]  Defendant argued, among other things, that if he were sentenced today, he would not be subject to the enhancement of 21 U.S.C. § 851 based on § 401 of the First Step Act of 2018.  Defendant argued that his previous state court drug conviction does not qualify as a serious drug felony, and therefore, his statutory penalty for his conviction would change from 10 years to life to 5 to 40 years.

The government moved to dismiss defendant's motion because he failed to exhaust his administrative remedies.  The court agreed and dismissed defendant's motion for failure to exhaust his administrative remedies.

Defendant's present motion is similar to the earlier motion.  In response to this motion, the government represents that defendant has exhausted his administrative remedies.  The government therefore requests the court to consider the merits of defendant's motion.

Having reviewed the parties' submissions, the court concludes that it need not decide whether defendant has demonstrated the existence of an extraordinary and compelling reason justifying a reduction of sentence.  The court finds the § 3353(a) factors—most notably the need to impose just punishment, the need to reflect the seriousness of the defendant's offenses and the need for incapacitation—weigh against any reduction of defendant's sentence.  The court adopts the previous factual findings on the § 3553(a) factors in doc. nos. 347 and 359 as well as the factual findings in doc. no. 335.  And as stated in doc. no. 335, "the court's estimation of a

---

[3] U.S.S.G. § 1B1.13(b)(6) reads as follows:

**Unusually Long Sentence**.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

fair, just and lawful sentence in this case is the same as it was when the sentence was imposed on June 1, 2007." Doc. no. 335, ECF p. 6.

The court has reviewed the letters from Bureau of Prisons staff, a fellow inmate, and members of defendant's family submitted in support of defendant's motion. The court also has considered defendant's current age, and self-improvement efforts, disciplinary record, and the Bureau of Prisons' designation of defendant as low risk recidivism and low security classification which are present in the record. However, the court concludes that they do not provide justification for any reduction of the sentence originally imposed by the court.

In closing, the court will note that defendant, having been arrested in June, 2006, has been in custody for about 18 years on account of his persistent and pernicious criminal activity. He deserves every day of that, and more, as just punishment (aside from other relevant sentencing considerations) for the enormously destructive consequences he knew would flow from distributing huge quantities of crack and meth in southwest Oklahoma. At the same time, the court does note, as discussed above, that defendant has attached an impressive array of supportive letters to the present motion. Having carefully read every one of them, the court certainly does not disregard those letters and the thoughts (and heartfelt expressions of hope) expressed in them. For reasons the court has stated at length in numerous orders (some of which are quoted above), the court has consistently and emphatically denied defendant's requests for relief from the consequences of his grievous crimes. That said, the court does not discount the possibility that after defendant has served 25 years of incarceration, a similarly impressive showing of support might lead to serious consideration of a different result. Twenty-five years of incarceration would, without doubt, amount to less than a year (likely *much* less than a year) for each life ruined and each family destroyed by the addictive poison defendant distributed in the communities of southwest Oklahoma.

5

Accordingly, defendant Michael Dwight Norwood's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. no. 381) is **DENIED**.

IT IS SO ORDERED this 24th day of July, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0180p103 rev_.docx